TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Cynthia Padock

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Cynthia Padock, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Wells Fargo Bank, N.A., | **1. THE TELEPHONE CONSUMER PROTECTION ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Cynthia Padock (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Wells Fargo Bank, N.A. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in San Juan Capistrano, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Sioux Falls, South Dakota, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative, or employee.

7. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 949-XXX-3170 (hereafter "Number").

8. Defendant placed calls to Plaintiff's Number in an attempt to reach J. Connolly, a person unknown to Plaintiff.

9. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

10. When Plaintiff answered Defendant's calls, she heard a prerecorded message, stating that Defendant was trying to reach J. Connolly.

11. On or about July 26, 2015, during a live conversation, Plaintiff informed Defendant that it was calling the wrong person and requested that all calls to her Number cease.

12. Nevertheless, Defendant continued to dial Plaintiff's Number using an ATDS and/or Robocalls at an excessive and harassing rate.

13. Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

16. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded message stating that Defendant was calling for J. Connolly.

17. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant never had Plaintiff's prior express consent to do so.

18. Furthermore, even if Defendant did have prior express consent, such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

19. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls, knowing that it lacked the requisite consent to do so in violation of the TCPA.

COMPLAINT FOR DAMAGES

20. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

21. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

22. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 15, 2017                TRINETTE G. KENT

By: /s/ Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Cynthia Padock